```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 HOT SPRINGS DIVISION
```

UNITED STATES OF AMERICA                                PLAINTIFF

vs.                    Case No. 06-CR-60014-001

RAYMOND DEAN PICKENS                                    DEFENDANT

### ORDER

Currently before the Court is Defendant's motion to dismiss (Doc. 11) and supporting brief (Doc. 12). Also before the Court is the Government's Response (Doc. 27).

Defendant contends the indictment against him should be dismissed as it charges multiple offenses for a single transaction resulting in (1) an abuse of discretion by the Government and (2) a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Government responds that the charges in the indictment are properly joined and not multiplicitous in violation of the Double Jeopardy Clause.

Defendant is charged in a thirty-six (36) count indictment in connection with an alleged scheme to defraud the United States Department of Housing and Urban Development (HUD). Count One charges Defendant with Conspiracy to Defraud the United States and Aiding and Abetting. Counts Two through Twenty-One charge Defendant with Embezzlement of Public Money and Aiding and Abetting. Counts Twenty-Two through Thirty-Five charge Defendant with Money Laundering by Interstate Commerce and

Aiding and Abetting. Count Thirty-Six is a criminal forfeiture count with respect to any property, real and personal, involved in the offenses alleged in Counts Twenty-Two through Thirty-Five.

Defendant cites *Petite v. United States*, 361 U.S. 529 (1960) for his proposition that it is unfair, unjust, unconstitutional and an abuse of discretion for Defendant to be prosecuted for several offenses in a single transaction. However, *Petite* does not support Defendant's argument. In *Petite*, the defendant was indicted and sentenced in the Eastern District of Pennsylvania for conspiring to make false statements to an agency of the United States at hearings held in Philadelphia and Baltimore and then subsequently indicted in the District of Maryland for suborning the perjury of two witnesses at the same Baltimore hearings. *See Petite* at 529. Likewise, the other cases cited by Defendant involve federal indictments against defendants arising out of the same conduct the defendants were previously prosecuted for in state courts. Here Defendant is challenging multiple counts within the same indictment.

Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both-are of the same or similar character, or are

>     based on the same act or transaction, or are connected
>     with or constitute parts of a common scheme or plan.

See Fed. R. Crim. Pro. 8(a). This rule is broadly construed in favor of joinder to promote the efficient administration of justice. See *U.S. v. Johnson,* 462.F.3d 815 (8th Cir. 2006)(citations omitted). Rule 8 clearly allows the Government to indict a defendant on multiple counts based on the same transaction. Accordingly, Defendant's first argument must fail.

Defendant's second argument that the indictment is multiplicitous and violates the Double Jeopardy Clause likewise fails. This argument was addressed in *U.S. v. Roy*, 408 F.3d 484 (8th Cir. 2005):

> An indictment is multiplicitous if it charges a single
> offense in multiple counts. Multiple punishments for
> the same criminal offense are barred by the Double
> Jeopardy Clause of the Fifth Amendment. In order to
> show a violation of that clause, "a defendant must
> show that the two offenses charged are in law and fact
> the same offense."

See *Roy* at 491 (internal citations omitted).

Defendant provided the Court with no explanation why the thirty-six counts in the Indictment are multiplicitous. The crimes of conspiracy, embezzlement, money laundering and criminal forfeiture are separate and distinct and will require the Government to prove different elements for each. Additionally, each embezzlement and money laundering count are premised upon separate checks and financial transactions comprising the same alleged scheme to defraud. The Court finds

3

that the Indictment is not multiplicitous and does not violate the Double Jeopardy Clause.

Accordingly, Defendant's motion (Doc. 11) is **DENIED**.

IT IS SO ORDERED this 28th day of March, 2007.

                                                /s/ Robert T. Dawson
                                                Honorable Robert T. Dawson
                                                United States District Judge

AO72A
(Rev. 8/82)